IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS M. HUGHES and                    :
RENEE HUGHES, his wife                  :
7164 Chapine Lane                       :
Bloomsburg, PA  17815                   :
          Plaintiffs                    :
                                        :       **FILED**
     vs.                                :       **SCRANTON**
                                        :
                                        :       JAN 2 4 2001
LEONARD ROGUTSKY, Individually          :
and as a Police Officer,                :
Bloomsburg, PA;                         :       PER
LEO SOKOLOWSKY, Individually            :           DEPUTY CLERK
and as a Police Officer,                :
Bloomsburg, PA;                         :
TOWN OF BLOOMSBURG,                     :
301 East Second Street                  :   DOCKET NO. 3:CV-
Bloomsburg, PA  17815;                  :
WILLIAM KREISHER, Individually          :
and as District Attorney                :
401 Market Street                       :
Bloomsburg, PA  17815; and              :
COUNTY OF COLUMBIA,                     :
Courthouse, P. O. Box 380               :
Bloomsburg, PA  17815                   :
          Defendants                    :

**4:** **CV** ...

**4:** **CV** **01-0145**

**************************************************************

COMPLAINT

I.    JURISDICTION

     1.    This action is brought pursuant to 42 U.S.C. § 1981,

1983, 1988 and the First, Fourth, Fifth and Fourteenth

Amendments to the United States Constitution.  Jurisdiction is

founded upon 28 U.S.C. § 1331 and 1343(1)(2)(3)(4) and the

aforementioned statutory and constitutional provisions.

Plaintiffs further invoke the pendant jurisdiction of the Court

to hear and decide claims arising under State law.



2.   The amount in controversy exceeds $75,000 excluding interest and costs.

## II.   PARTIES

3.   Plaintiff, Thomas M. Hughes is an Afro American male and is and was at all times relevant to this Complaint, a citizen of the United States and a resident of the Commonwealth of Pennsylvania, currently residing at 7164 Chapine Lane, Bloomsburg, PA  17815.

4.   Plaintiff, Renee Hughes, is the wife of Plaintiff, Thomas M. Hughes, and was at all times relevant to this Complaint, a citizen of the United States and a resident of the Commonwealth of Pennsylvania, currently residing at 7164 Chapine Lane, Bloomsburg, PA  17815.

5.   Defendant, Leonard Rogutsky, is a white male police officer in the Bloomsburg Police Department.  He is sued individually and in his official capacity.

6.   Defendant, Leo Sokolowsky, is a white male sergeant in the Bloomsburg Police Department.  He is sued individually and in his official capacity.

7.   Defendant, William Kreisher, is a white male and was at all times relevant hereto the District Attorney for the County of Columbia in the Commonwealth of Pennsylvania.  He is sued individually and in his official capacity.

8.   Defendant, Columbia County, is an agency of the Commonwealth of Pennsylvania, and at all times relevant hereto employed Defendant, Kreisher.

9.    At all times relevant hereto Defendants Rogutsky, Sokolowsky and Kreisher were acting under color of law and under color of their respective authority as police officers and District Attorney of the Town of Bloomsburg and County of Columbia.

### FIRST CAUSE OF ACTION

**THOMAS M. HUGHES V. DEFENDANTS ROGUTSKY, SOKOLOWSKY, KREISHER, TOWN OF BLOOMSBURG AND COUNTY OF COLUMBIA**

**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1981 and 1983**

10.   Plaintiff incorporates herein by reference paragraphs 1 through 9 inclusive as if the same were set forth herein at length.

11.   On or about January 28, 1999 at or near midnight, Plaintiff was inside of his home at 201 East Ninth Street, Bloomsburg, Pennsylvania with his wife and infant child.

12.   At some point just after midnight on January 29, 1999 Plaintiff, Thomas M. Hughes, took his garbage outside and placed it in its usual place for pick up in front of his home. After coming back inside his home, Plaintiff Hughes immediately witnessed a white individual, Frederick Losapio, knock over and repeatedly kick his garbage cans.

13.   Immediately after witnessing this event, Plaintiff ran out of his door and confronted Losapio.  Plaintiff grabbed Losapio and attempted to restrain him until the police arrived.

14.   As Plaintiff was restraining Losapio, several of Losapio's friends, all white males, who were all previously at a

3

nearby bar drinking alcohol, and who were present at or near Plaintiff's home with Losapio, intervened and dragged Plaintiff from the street and threw him onto his back.

15. While on his back, Plaintiff was punched and kicked about his body by the group of white males while at the same time holding onto Losapio until the police arrived.

16. At or about this time Plaintiff could hear his wife, Renee Hughes, crying. Plaintiff then instructed his wife to contact the police, which she did.

17. Shortly thereafter, Defendant Bloomsburg Police Officer Leonard Rogutsky arrived upon the scene and observed the group of white males including Losapio, and Plaintiff in the street in front of Plaintiff's home.

18. The first event witnessed by Defendant Rogutsky was Losapio landing a punch to Plaintiff's head with such force that it knocked Plaintiff to the ground and caused Plaintiff to bleed from the mouth. At no time did Plaintiff attempt to strike or assault Losapio, either prior to or subsequent to Officer Rogutsky's arrival.

19. Following the assault by Losapio on Plaintiff, which was observed by Defendant Rogutsky, Plaintiff approached Defendant Rogutsky and informed him that he lived in a nearby home. Defendant Rogutsky sarcastically responded by stating to Plaintiff, "Yea, right".

20. Plaintiff responded by instructing Defendant Rogutsky to do his job and arrest the individuals who assaulted him and

4

vandalized his property.

21.   Defendant Rogutsky responded to Plaintiff's request by handcuffing Plaintiff, slamming his head onto the hood of a nearby vehicle with such force that it caused a dent in said vehicle, and then arresting Plaintiff.

22.   In the process of Plaintiff's unlawful arrest, Defendant Rogutsky used excessive unjustified force upon Plaintiff without cause or justification, causing pain and suffering to Plaintiff.

23.   At or about this time Defendant Sokolowsky arrived at the scene.   Defendant Sokolowsky assisted and participated in the unlawful arrest of Plaintiff.

24.   While at the scene Plaintiff, who was injured, requested that Defendant Sokolowsky call an ambulance on three separate occasions.   Each time Defendant Sokolowsky denied Plaintiff's request for an ambulance.

25.   Eventually, a bystander, who heard Plaintiff's plea for medical attention, contacted the appropriate medical personnel.

26.   Plaintiff, while handcuffed, was transported to a local hospital by ambulance where he remained handcuffed while being x-rayed.   Plaintiff then received several stitches in his mouth to close the wound sustained following Losapio's assault.

27.   Plaintiff, Renee Hughes personally witnessed her husband's unlawful arrest.

28.   Plaintiff was subsequently charged by Defendants with

5

the following six offenses:

    (a)  Count I, Harassment in violation of 18 Pa. C.S.A. § 2709(a)(1);

    (b)  Count II, Criminal Mischief in violation of 18 Pa. C.S.A. § 3304(a)(2);

    (c)  Count III, Disorderly Conduct in violation of 18 Pa. C.S.A. § 5503(a)(1);

    (d)  Count IV, Disorderly Conduct in violation of 18 Pa. C.S.A. § 5503(a)(2);

    (e)  Count V, Disorderly Conduct in violation of 18 Pa. C.S.A. § 5503(a)(3); and

    (f)  Count VI, Disorderly Conduct in violation of 18 Pa. C.S.A. § 5503(a)(4), even though no probable cause existed for said charges.  (Attached as Exhibit A is the Criminal Complaint).

    29.  Plaintiff committed no illegal act at the time he was arrested and at no time did he use any force or resistance to prevent the unlawful acts of the Defendants.

    30.  Neither Losapio, nor the other white males who committed the assault and battery upon Plaintiff and vandalized his home, were arrested or criminally charged by any of the Defendants.

    31.  On or about March 3, 1999 a preliminary hearing was held before District Justice Donna Coombe.  Defendant Kreisher, acting as District Attorney for the County of Columbia, prosecuted the case against Plaintiff.

6

32. Following the March 3, 1999 preliminary hearing, Magistrate Coombe dismissed Counts III, IV and V of the criminal Complaint, and Plaintiff was held for action in the Court of Common Pleas of Columbia County on Count I (Harassment), Count II (Criminal Mischief) and Count V (Disorderly Conduct).

33. On April 20, 1999 Plaintiff filed a Writ of Habeas Corpus with the Court of Common Pleas of Columbia County seeking dismissal of all charges. (Attached as Exhibit B is the Writ of Habeas Corpus).

34. On June 11, 1999 the Honorable Gailey C. Keller, then President Judge of the Court of Common Pleas of Columbia County, granted Plaintiff's Petition for Writ of Habeas Corpus, quashed the criminal Information, dismissed all charges against Plaintiff and discharged Plaintiff. (Attached as Exhibit C is Judge Keller's Order).

35. On June 18, 1999 Defendant Kreisher appealed Judge Keller's June 11, 1999 Order to the Superior Court of Pennsylvania. (Attached as Exhibit D is Appeal filed by Defendant Kreisher).

36. As this matter was pending before the Court of Common Pleas of Columbia County and the Pennsylvania Superior Court, Defendant Kreisher was in the process of running for reelection for the office of District Attorney of Columbia County.

37. Realizing and sensing that the general public was outraged by the actions of Defendants Rogutsky, Sokolowsky, Bloomsburg Police Department, and Kreisher for the unlawful

7

arrest and malicious prosecution of Plaintiff, Defendant Kreisher, on October 19, 1999, in an effort to regain the public's support, formally withdrew the Commonwealth's Appeal to the Pennsylvania Superior Court by filing a Praecipe to Withdraw Appeal.  (Attached as Exhibit E is Praecipe to Withdraw Appeal).

38.   On November 2, 1999 Defendant Kreisher lost his bid for reelection to the office of District Attorney for the County of Columbia.

39.   November 5, 1999, just three days following his defeat, Defendant Kreisher retaliated against Hughes and approved the refiling of the same charges plus an additional charge for obstruction against Plaintiff.  These charges were drawn up by Defendants Rogutsky and Sokolowsky and were approved by Defendant Kreisher even though Defendant Kreisher had withdrawn his Appeal to the Pennsylvania Superior Court only two weeks prior, on October 19, 1999.  At this time the approved charges were not filed against Plaintiff, Hughes.

40.   On November 16, 1999 the Pennsylvania Superior Court formally marked Defendant Kreisher's Appeal as "discontinued". (Attached as Exhibit F is Discontinuance).

41.   On December 17, 1999 following the successful disposition of the original charges, Plaintiff Hughes filed a Complaint in the United States District Court for the Middle District of Pennsylvania against Defendants Rogutsky, Sokolowsky and the Town of Bloomsburg, alleging violations of Plaintiff's civil rights, assault and battery, false imprisonment, false

8

arrest, malicious prosecution, intentional/negligent infliction of emotional distress, and gross negligence.  (Attached as Exhibit G is Plaintiff's Complaint).

42.   On December 28, 1999, just eleven days following the filing of Plaintiff's civil rights Complaint, Defendant Rogutsky swore out an Affidavit of Probable Cause before District Justice Coombe and re-arrested Plaintiff Hughes on the same charges that had been previously dismissed, plus an additional charge of obstruction.  (Attached as Exhibit H is the Criminal Complaint).

43.   The swearing out, approval and refiling of these charges by Defendants was a violation of Plaintiff Hughes' civil rights, an act of vindictive prosecution, racial discrimination and malicious abuse of the legal process.

44.   The action of Defendants Rogutsky, Sokolowsky, Kreisher, Town of Bloomsburg, and County of Columbia in approving and refiling the charges against Plaintiff was motivated solely by malice and ill will, and was undertaken as a means of retaliating against Plaintiff for the filing of Plaintiff's initial civil rights Complaint and for the negative press Defendant Kreisher received following his initial prosecution of Plaintiff, which negatively affected his bid for re-election to the office of District Attorney.

45.   On or about March 6, 2000, Plaintiff filed a Motion to Quash and/or Dismiss the Second Criminal Complaint filed against Plaintiff.  (Attached as Exhibit I is Motion To Dismiss without exhibits).

46. In July of 2000, Plaintiffs and Defendants Rogutsky, Sokolowsky and Town of Bloomsburg entered into a Stipulation whereby Plaintiff's civil rights actions filed in the United States District Court for the Middle District of Pennsylvania on December 17, 1999 was voluntarily dismissed without prejudice pending the resolution of the criminal charges filed on December 28, 1999. The Stipulation allowed Plaintiffs the right to refile the action in the event the December 28, 1999 criminal charges were successfully defended. (Attached as Exhibit J is Stipulation).

47. Following the submission of briefs and oral argument, the Honorable Scott W. Naus, President Judge of the Court of Common Pleas of Columbia County, on August 17, 2000, entered an Order granting Plaintiff's Motion to Dismiss. (Attached as Exhibit K is Judge Naus' Order).

48. The acts described in the aforementioned paragraphs constitute an unlawful arrest, excessive use of force, denial of necessary medical treatment, malicious prosecution, vindictive prosecution, retaliation, racial discrimination, all in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1981 and 1983.

49. The actions of Defendants Rogutsky, Sokolowsky and the Town of Bloomsburg were motivated by racial animus and resulted from and were taken pursuant to a de facto policy and/or custom of the Defendant, Town of Bloomsburg, which is implemented by police officers of said Town, to summarily punish minorities who

10

refuse to obey police orders, whether lawful or not, by means of an unlawful arrest, detention, excessive use of force and denial of necessary medical attention.  The existence of the de facto policy and/or custom described in paragraph 31 above has been known to supervisors and policy-making officers and officials of the Bloomsburg Police Department and Defendant Town of Bloomsburg for a substantial period of time.

50.  Despite their knowledge of said illegal policy and/or custom and practices, the supervisors and policy making officials of said police department and Town of Bloomsburg as a matter of policy have not taken steps to terminate said practices, have not disciplined or otherwise properly supervised the individual officers who engaged in said practices, have not effectively trained police officers with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and practices described in paragraph 33 above, though their deliberate indifference to the effect of the said policy and practices upon the constitutional rights of the residents and visitors to the Town of Bloomsburg.

51.  The actions of Defendant Kreisher and County of Columbia were motivated by racial animus, vindictiveness and retaliation stemming from the loss of Kreisher's re-election bid to the Office of District Attorney and resulted from and were taken pursuant to a de facto policy or custom of the County of Columbia, which is implemented by officials of said County to

11

summarily punish minorities who refuse to obey police orders, whether lawful or not, by means of an unlawful arrest, detention, excessive use of force, denial of necessary medical attention and the unlawful prosecution of meritless criminal charges.

52. The existence of the de facto policy and/or custom described in the above paragraph has been known to supervisors and policy making officers and officials of the Town of Bloomsburg for a substantial period of time.

53. Despite their knowledge of the said illegal policy and/or custom and practices, the supervisors and policy making officials of the County of Columbia as a matter of policy have not taken steps to terminate said practices, have not disciplined or otherwise properly supervised the individuals who engaged in the said practices, and have instead sanctioned the policy and practices described in the above paragraph, through their deliberate indifference to the effect of the said policy and practices upon the constitutional rights of the residents and visitors to the County of Columbia.

54. The Defendants have caused the violations of Plaintiff's rights, are liable under Section 1981 and 1983 and the First, Fourth, Fifth and Fourteenth Amendments to the Plaintiff for his injuries.

55. As a result of the acts detailed above, Plaintiff has suffered physical injury as well as deprivation of his liberty, invasion of his privacy, grievous mental suffering, and pain and

12

suffering, all in violation of 42 U.S.C. § 1981 and 1983 and the First, Fourth, Fifth and Fourteenth Amendments.

56. The conduct of the Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and outrageous and was done with the deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such effect.

57. The conduct of Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against all of the Defendants:

(a)   Compensatory damages in excess of $75,000;

(b)   Punitive damages;

(c)   Reasonable attorney's fees and costs;

(d)   Such other and further relief as appears reasonable and just.  A jury trial is hereby demanded.


### SECOND CAUSE OF ACTION

### THOMAS M. HUGHES V. DEFENDANTS ROGUTSKY, SOKOLOWSKY, AND TOWN OF BLOOMSBURG

### ASSAULT AND BATTERY

58. Plaintiff incorporates herein by reference paragraphs 1 through 57 inclusive as if the same were set forth herein at

length.

59. The acts and conduct Defendants Rogutsky, Sokolowsky and the Town of Bloomsburg constitute assault and battery. This Court has pendant jurisdiction to hear and adjudicate this claim.

60. As a result of the assault and battery committed by Defendants upon Plaintiff, Plaintiff has suffered physical injury as well as substantial mental pain and suffering, severe emotional distress and injury, embarrassment and humiliation.

61. The conduct of Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and outrageous, and was done with deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such effect.

62. The conduct of Defendants has been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against Defendants Rogutsky, Sokolowsky and Town of Bloomsburg:

(a) Compensatory damages in excess of $75,000;

(b) Punitive damages;

(c) Reasonable attorney's fees and costs;

(d) Such other and further relief as appears reasonable and just. A jury trial is hereby demanded.

14

### THIRD CAUSE OF ACTION

**THOMAS M. HUGHES V. DEFENDANTS ROGUTSKY, SOKOLOWSKY, TOWN OF BLOOMSBURG, KREISHER AND COUNTY OF COLUMBIA**

#### FALSE IMPRISONMENT/FALSE ARREST

63.   Plaintiff incorporates herein by reference paragraphs 1 through 62 inclusive as if the same were set forth herein at length.

64.   The acts and conduct of Defendants constitute false imprisonment and false arrest and this Court has pendant jurisdiction to hear and adjudicate said claim.

65.   Plaintiff committed no illegal act at the times he was arrested and informed Defendants refused to acknowledge and believe Plaintiff's innocence and continued their assault, seizure, holding, detention, arrest and prosecution of Plaintiff.

66.   Defendants acted as aforesaid without any reasonable or probable cause.

67.   Plaintiff was subjected to great humiliation, pain and suffering by reason of the false and malicious arrests, detentions, seizures, holdings and prosecutions by Defendants as aforesaid, and being placed under restraint by Defendants while surrounded by Plaintiff's neighbors and family, who observed Plaintiff's condition and situation.

68.   By reason of the acts of Defendants, Plaintiff suffered severe damage to his credit and reputation in the community and was caused to suffer great pain and mental anguish.

69.   The conduct of Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and outrageous and was done with the deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such effect.

70.   The conduct of Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against all of the Defendants:

(a)   Compensatory damages in excess of $75,000;

(b)   Punitive damages;

(c)   Reasonable attorney's fees and costs;

(d)   Such other and further relief as appears reasonable and just.   A jury trial is hereby demanded.


## FOURTH CAUSE OF ACTION

### THOMAS M. HUGHES V. DEFENDANTS ROGUTSKY, SOKOLOWSKY, TOWN OF BLOOMSBURG, KREISHER AND COUNTY OF COLUMBIA

### MALICIOUS PROSECUTION

71.   Plaintiff incorporates herein by reference paragraphs 1 through 70 inclusive as if the same were set forth herein at length.

72.   The acts and conduct of Defendants constituted malicious prosecution as Plaintiff was unlawfully arrested and

16

charged without probable cause on two separate occasions.  This Court has pendant jurisdiction to hear and adjudicate this claim.

73.  All the criminal charges filed against Plaintiff on two separate occasions have been terminated in Plaintiff's favor.

74.  The conduct of Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and was done with deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such effect.

75.  The conduct of Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against all of the Defendants:

(a)  Compensatory damages in excess of $75,000;

(b)  Punitive damages;

(c)  Reasonable attorney's fees and costs;

(d)  Such other and further relief as appears reasonable and just.  A jury trial is hereby demanded.

17

## FIFTH CAUSE OF ACTION

**THOMAS M. HUGHES V. DEFENDANTS ROGUTSKY, SOKOLOWSKY, TOWN OF BLOOMSBURG, KREISHER AND COUNTY OF COLUMBIA**

### INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

76. Plaintiff incorporates herein by reference paragraphs 1 through 75 inclusive as if the same were set forth herein at length.

77. The acts and conduct of the Defendants as described above constitute negligence and intentional infliction of emotional distress. This Court has pendant jurisdiction to hear and adjudicate this claim.

78. The conduct of the Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and outrageous and was done with the deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such an effect.

79. The conduct of the Defendants has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against all of the Defendants:

(a)   Compensatory damages in excess of $75,000;

(b)   Punitive damages;

(c)   Reasonable attorney's fees and costs;

18

(d)   Such other and further relief as appears reasonable and just.   A jury trial is hereby demanded.

## SIXTH CAUSE OF ACTION

### THOMAS M. HUGHES V. DEFENDANTS ROGUTSKY, SOKOLOWSKY, TOWN OF BLOOMSBURG, KREISHER AND COUNTY OF COLUMBIA

### GROSS NEGLIGENCE

80.   Plaintiff incorporates herein by reference paragraphs 1 through 79 inclusive as if the same were set forth herein at length.

81.   The acts and conduct of Defendants described above constitute gross negligence under the laws of the Commonwealth of Pennsylvania.   This Court has pendant jurisdiction to hear and adjudicate this claim.

82.   The conduct of the Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and outrageous and was done with the deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such effect.

83.   The conduct of the Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against all of the Defendants:

19

(a)   Compensatory damages in excess of $75,000;

(b)   Punitive damages;

(c)   Reasonable attorney's fees and costs;

(d)   Such other and further relief as appears reasonable and just.  A jury trial is hereby demanded.

## SEVENTH CAUSE OF ACTION

### THOMAS M. HUGHES V. DEFENDANTS KREISHER AND COUNTY OF COLUMBIA
### INVASION OF PRIVACY

84.   Plaintiff incorporates herein by reference paragraphs 1 through 83 inclusive as if the same were set forth herein at length.

85.   The acts and conduct of Defendants Kreisher and County of Columbia above described constitute an invasion of Plaintiff's privacy under the laws of the Commonwealth of Pennsylvania.  This Court has pendant jurisdiction to hear and adjudicate this claim.

86.   The conduct of Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and outrageous and was done with deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such an effect.

87.   The conduct of Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

20

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against Defendants Kreisher and County of Columbia:

(a)   Compensatory damages in excess of $75,000;

(b)   Punitive damages;

(c)   Reasonable attorney's fees and costs;

(d)   Such other and further relief as appears reasonable and just.   A jury trial is hereby demanded.

## EIGHTH CAUSE OF ACTION

### RENEE HUGHES V. DEFENDANTS ROGUTSKY, SOKOLOWSKY, TOWN OF BLOOMSBURG, KREISHER AND COUNTY OF COLUMBIA

### INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

88.   Plaintiff incorporates herein by reference paragraphs 1 through 87 inclusive as if the same were set forth herein at length.

89.   Plaintiff, Renee Hughes, witnessed the above acts and conduct committed by Defendants upon her husband, Plaintiff, Thomas M. Hughes.

90.   As a direct and proximate result of the acts and conduct of Defendant described above, together with her personal and contemporaneous observation of the incidents, Plaintiff, Renee Hughes, has suffered substantial mental pain and suffering and severe emotional distress and injury.

91.   The conduct of Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and outrageous and was done with the deliberate intention of causing Plaintiff

21

severe emotional distress and was made when the Defendants knew or should have known that they would have such effect.

92. The conduct of Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Renee Hughes, respectfully requests the following relief, jointly and severally against all of the Defendants:

(a) Compensatory damages in excess of $75,000;

(b) Punitive damages;

(c) Reasonable attorney's fees and costs;

(d) Such other relief as appears reasonable and just. A jury trial is hereby demanded.

Respectfully submitted,

FOLEY, COGNETTI, COMERFORD
& CIMINI

BY: _____
VINCENT S. CIMINI, ESQ.
ATTORNEY FOR PLAINTIFFS

507 Linden Street
Suite 700
Scranton, PA 18503
(570) 346-0745

22

717-397-33    MAIL ROOM ETC                744 P02    FEB 03 '99  08:58

**COMMONWEALTH OF PENNSYLVANIA**                        **POLICE**

COUNTY OF: __Columbia__                        **CRIMINAL COMPLAINT**

Magisterial District Number: 26-2-01

District Justice Name: Hon. Donna J. Coombe          **COMMONWEALTH OF PENNSYLVANIA**

Address:  15 Perry Avenue, Suite A                        VS.
          Bloomsburg, PA 17815

                                          **DEFENDANT:**
                                                    NAME and ADDRESS
Telephone:  (717)-784-1868
                                          ┌ THOMAS M. HUGHES
Docket No.: CR-0000051-99                    201 E 9TH ST
Date Filed: January 29, 1999                 BLOOMSBURG, PA. 17815
OTN: F 091107-2                                                          ┘

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B. | Defendant's Social Security Number | Defendant's SID |
|---|---|---|---|---|
| ☐ White ☐ Asian  ☒ Black<br>☐ Hispanic ☐ Native American ☐ Unknown | ☐ Female<br>☒ Male | 11/08/1961 | 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 | |

| Defendant's A.K.A. | Defendant's Vehicle Information: | | | Defendant's Driver's License Number |
|---|---|---|---|---|
| THOMAS M. MOORE | Plate Number | State | Registration Sticker (MM/YY) | State<br>PA  19886982 |

| Complaint/Incident Number | Complaint/Incident Numbers if other Participants | UCR/NIBRS Code |
|---|---|---|
| 99-000051 | | |

District Attorney's Office  ☐ Approved   ☐ Disapproved because: _____

(The district attorney may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing Pa.R.Cr.P. 107.)

_____     _____   19___
(Name of Attorney for Commonwealth - Please Print or Type)   (Signature of Attorney for Commonwealth)    (Date)

I, __PTLM LEONARD ROGUTSKI__                              _____
     (Name of Affiant-Please Print or Type)                  (Officer Badge Number/I.D.)

of __Bloomsburg Police Department__        __0190300__     _____
    (Identify Department or Agency Represented and Political Subdivision)   (Police Agency ORI Number)   (Originating Agency Case Number (OCA))

do hereby state:(check the appropriate box)

1. ☒ I accuse the above named defendant, who lives at the address set forth above
   ☐ I accuse an defendant whose name is unknown to me but who is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have
      therefore designated as John Doe
   with violating the penal laws of the Commonwealth of Pennsylvania at  900 BLOCK OF CATHERINE ST IN
                                                            (Place-Political Subdivision)
   __THE TOWN OF BLOOMSBURG, PA__
   in __Columbia__ _____ County on or about __FRIDAY JANUARY 29, 1999 AT 1240PM__
   Participants were: (if there were participants, place their names here, repeating the name of the above defendant)
   · THOMAS M. HUGHES

2. **The acts committed by the accused were:**
   (Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged.  A citation to the statute allegedly violated without more, is not sufficient.  In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

   COUNT 1  PACC 2709(a)(1) Harassment - Summary

   IN THAT, on or about said date, THE DEFENDANT, with intent to harass, annoy or
   alarm another person, namely, FREDERICK LOSARIO, did strike, shove, kick or
   otherwise subject such other person to physical contact, or did attempt or threaten
   to do the same, namely, GRABBED LOSARIO BY CLOTHING TEARING THE CLOTHING AND
   THREATENING TO STRIKE LOSARIO, in violation of Section 2709(a)(1) of the PA Crimes
   Code.

RECEIVED JAN 2 9 1999

AOPC 412- (4/96) (Internet Version)                    1-3



717-387-3352  MAIL ROOM ETC          744 P03    FEB 03 '99  08:59

**POLICE**

**POLICE CRIMINAL COMPLAINT**

(fuuation of 2.)

Defendant Name: THOMAS M. HUGHES

Docket Number: CR-0000051-99

COUNT 2  PACC 3304(a)(2) Criminal Mischief    SUMMARY

IN THAT, on or about said date, THE DEFENDANT did intentionally and/or recklessly tamper with tangible property, SHIRT AND "T" SHIRT, of another, namely, FREDERICK LOSARIO, so as to endanger person or property, in violation of Section 3304(a)(2) of the PA Crimes Code.

COUNT 3  PACC 5503(a) Disorderly Conduct    M3  (PERSISTENT)

IN THAT, on or about said date, THE DEFENDANT, with intent to cause substantial public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, in violation of Section 5503(a) of the PA Crimes Code.
   (1) Engaged in fighting or threatening, or in violent or tumultuous behavior
COUNT 4
   (2) Made unreasonable noise
COUNT 5
   (3) Used obscene language.
COUNT 6
   (4) Created a hazardous or physically offensive condition by any act which served no legitimate purpose by the actor

PROBABLE CAUSE AFFIDAVIT ATTACHED HERETO, MADE A PART HEREOF, AND INCORPORATED HEREIN IN IT'S ENTIRETY

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of

| | Section | Sub-Section | | PA Statute | counts |
|---|---|---|---|---|---|
| 1. | 2709 | (a)(1) | of the | PA Crimes Code | 1 |
| 2. | 3304 | (a)(2) | of the | PA Crimes Code | 1 |
| 3. | 5503 | (a)(1) | of the | PA Crimes Code | 1 |
| 4. | 5503 | (a)(2) | of the | PA Crimes Code | 1 |
| 5. | 5503 | (a)(3) | | PA Crimes Code | 1 |
| 6. | 55C3 | (a)(4) | | PA Crimes Code | 1 |

3. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made. (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed and sworn to before the issuing authority.

4. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) relating to unsworn falsification to authorities.

January 29,  , 19 99          _____
                              (Signature of Affiant)

AND NOW, on this date       February 1,  , 19 99 , I certify the complaint has been properly completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

26 2 01
(Magisterial District)          _____    SEAL
                                (Issuing Authority)

AOPC 412-(4/96) (Internet Version)       2-3

RECEIVED JAN 2 9 1999

717-387-330?   MAIL ROOM ETC                      744 P04   FEB 03 '99  09:00

ant Name: THOMAS M. HUGHES

ocket Number: CR-0000051-99



# POLICE
# CRIMINAL COMPLAINT

## AFFIDAVIT of PROBABLE CAUSE

FRIDAY JANUARY 29, 1999 AT APPROX 0033 HRS. BLOOMSBURG POLICE WERE ADVISED OF A
DISTURBANCE ON CATHERINE STREET BETWEEN 9TH AND 10TH ST BY THE COUNTY 911 CENTER.
POLICE ARRIVED AT THE SCENE AND OBSERVED A GROUP OF MALES ON THE EAST SIDE OF
CATHERINE ST.  POLICE OBSERVED ONE OF THE MALES TO SWING AT AND HIT ANOTHER MALE.
THIS OFFICER WHILE IN A MARKED POLICE VEHICLE AND IN UNIFORM APPROACHED THE SCENE
ACTIVATING THE POLICE VEHICLES EMERGENCY LIGHTS AND EXITED THE PATROL CAR.  5 OF THE
MALES BEGAN TO APPROACH THE PATROL CAR AND WERE INSTRUCTED TO SIT ON THE SIDEWALK ON
THE WEST SIDE OF THE STREET. THIS GROUP COMPLIED.  THE DEF., WHO HAD BEEN KNOCKED TO
HIS KNEES GOT TO HIS FEET AND BEGAN YELLING ALOUD AT THE OTHER MALES USING MUCH
PROFANITY.  THE DEF WAS INSTRUCTED TO SIT ON THE SIDEWALK ON THE EAST SIDE OF THE
STREET SO POLICE COULD DETERMINE WHAT HAD HAPPENED.  THE DEF. CONTINUED TO TAUNT THE
OTHERS ACROSS THE STREET.  THE DEF WAS AGAIN ASKED BY THIS OFFICER TO REMAIN SILENT
AND SIT DOWN ON THE SIDEWALK.  THE DEF. LOOKED AND POINTED DIRECTLY AT THIS OFFICER
AND SAID "FUCK YOU".  THIS WRITER AGAIN INSTRUCTED TO THE DEF. TO REMAIN SILENT AND
TO BE SEATED ON THE SIDEWALK WERE THE DEF. AGAIN LOOKED AT THIS OFFICER AND SAID
"FUCK YOU","FUCK YOU".  DEF. WAS THEN TOLD TO PLACE HIS HAND ON THE HOOD OF A FORD
TEMPO PARKED ON THE STREET AND WAS PLACED IN HAND CUFFS.  DEF. CONTINUED TO BE LOUD
AND USE PROFANITY TOWARDS THIS OFFICER AND THE OTHER GROUP OF MALES ACROSS THE STREET
CAUSING SEVERAL NEIGHBORS TO APPROACH THE SCENE.  THE DEF WAS CONTROLLED BY PLACING
HIM FACE DOWN ON THE
HOOD OF THE FORD TEMPO. SGT LEO SOKOLOSKI ARRIVED AND TOOK CONTROL OF THE DEF.  THE
DEF. CONTINUED TO BE VERY LOUD AND USE MUCH PROFANITY. SGT SOKOLOSKI EXPRESSED HIS
OFFENSE TO THE DEF. ABOUT HIS LANGUAGE.

POLICE THEN INTERVIEWED THE OTHER MALES INDEPENDENTLY. EACH GAVE A CONSISTENT ACCOUNT
OF THE EVENT.  DEF. APPROACHED THE GROUP ACCUSING THEM OF TOSSING HIS GARBAGE CANS.
DEF. GRABBED ONE FREDERIC LOSAPIO BY HIS CLOTHING. DEF. YELLED AT LOSAPIO WITH A
RAISED FIST THREATENING LOSAPIO WITH BODILY HARM. LOSAPIO IN FEAR OF HIS SAFETY AND
BECAUSE OF THE DEF. STATURE ATTEMPTED TO HAVE DEF. RELEASE HIS HOLD ON LOSAPIO.
LOSAPIO AND COMPANIONS ATTEMPTED UNSUCCESSFULLY TO ADVISE DEF. THEY WERE NOT
RESPONSIBLE FOR TOSSING DEF. GARBAGE CANS AND SUGGESTED POLICE BE CALLED.  DEF WOULD
NOT RELEASE LOSAPIO AND DEF. TORE LOSAPIOS SHIRT AND T SHIRT. LOSAPIO PUNCHED DEF. TO
DEFEND HIMSELF AGAINST  FURTHER ADVANCE BY THE DEF.

I, __PTLM LEONARD ROGUTSKI_____, BEING DULY SWORN ACCORDING TO
LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE
TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
(Signature of Affiant)

Sworn to me and subscribed before me this __1st__ day of __February__, 19 _99_.

__2-1-99__ Date _____, District Justice

My commission expires first Monday of January, 200? _____   SEAL

AOPC 412-(4/96) (Internet Version)                  3-8

COMMONWEALTH OF PENNSYLVANIA,    : IN THE COURT OF COMMON PLEAS
        Plaintiff        : OF COLUMBIA COUNTY
                     :
                     : CRIMINAL DIVISION
    vs.                :
                     : JURY TRIAL DEMANDED
THOMAS M. HUGHES,         :
201 E. Ninth Street,     : 99.CR-248
Bloomsburg, PA  17815    :
        Defendant    : No. CR-~~51-99~~

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

    NOW comes the Defendant, Thomas M. Hughes, by and through his attorney, VINCENT S. CIMINI, and hereby moves this Honorable Court for a Writ of Habeas Corpus to quash the charges and represent that:

    1.    On or about January 29, 1999, the Defendant was arrested and charged with the following:

    (a)    Count I, 2709(a)(1) harassment (summary);

    (b)    Count II, 3304(a)(2) criminal mischief (summary);

    (c)    Count III, 5503(a)(1) disorderly conduct (misdemeanor);

    (d)    Count IV, 5503(a)(2) disorderly conduct (misdemeanor);

    (e)    Count V, 5503(a)(3) disorderly conduct (misdemeanor); and

    (f)    Count VI, 5503(a)(4) disorderly conduct (misdemeanor).

    2.    On March 3, 1999, a preliminary hearing was held

before the Honorable Donna J. Coombe, magistrate in and for the County of Columbia.  A court reporter was present at said hearing to transcribe the testimony, however, Defendant has not yet received the transcript at the time of this filing.

3.   Following the March 3, 1999 preliminary hearing, Magistrate Coombe dismissed Count III, Count IV and Count VI of the charges stated above.

4.   The Defendant was held for action in the Court of Common Pleas of Columbia County on Count I, Count II and Count V.

5.   The admissible evidence failed to make out a prima facie case as to Count I, Count II and Count V as to the above charges as required by Pennsylvania Rule of Criminal Procedure 143.

6.   The evidence presented did not establish probable cause to believe that Defendant committed the crimes of harassment, criminal mischief and disorderly conduct.

7.   The decision of the magistrate to hold this matter for court and to bind this matter over for trial has resulted in the continued deprivation of the Defendant's rights pursuant to the charges which have been filed herein.

8.   The continued deprivation of Defendant's rights is unlawful and improper in that the Defendant had originally been arrested without probable cause and in violation of his rights pursuant to the United States Constitution and the Pennsylvania Constitution, and pursuant to the Pennsylvania Rules of Criminal

Procedure.  The apprehension and the detaining of the Defendant was improper in that the Defendant was apprehended and detained without probable cause.

9.  The Commonwealth's evidence was insufficient as a matter of law to establish a prima facie case of harassment, criminal mischief and disorderly conduct.  Further, even with the evidence presented, the Commonwealth failed to establish a prima facie case.

10.  The Defendant's alleged use of coarse language as set forth by the Commonwealth in its Affidavit of Probable Cause and at the preliminary hearing does not constitute fighting words. There was no evidence that Defendant sought to incite others at the scene nor was there any evidence that Defendant intended by his words to start a fight with the arresting officer.

11.  While Defendant's speech as alleged by the Commonwealth in its Affidavit of Probable Cause and as set forth at the preliminary hearing may be considered rude and discourteous, it is not without Constitutional protection.  (See Commonwealth vs. Weiss, 340 Pa. Super. 427, 490 A.2d 853 (1985); U. S. vs. McDermott, 971 F. Supp. 939 (E.D.Pa. 1997); Commonwealth vs. Gilbert, 449 Pa. Super. 450, 674 A.2d 284 (1996).

12.  The decision of the magistrate on March 3, 1999 was improper and illegal and the maintenance of the criminal prosecution herein against the Defendant is improper and illegal for the following additional reasons:

3

(a)  The Commonwealth has failed to establish a prima facie case at the time of the preliminary hearing;

(b)  The district justice charged with hearing this case erred in concluding that the Commonwealth has established a prima facie case on the charges that were held for court;

(c)  The Commonwealth did not establish probable cause as to hold the remaining charges for court;

(d)  The district justice erred in determining that the Commonwealth established probable cause so as to hold the remaining counts for court;

(e)  The testimony and evidence presented by the Commonwealth does not establish sufficient grounds to hold this matter for court;

(f)  The district justice erred in concluding that the testimony and evidence presented by the Commonwealth was sufficient to hold this matter for court;

(g)  The original detention of the Defendant and original arrest of the Defendant was not based upon legal probable cause and was illegal pursuant to the mandates of the United States Constitution, Pennsylvania Constitution and the Pennsylvania Rules of Criminal Procedure;

(h)  The district justice erred in failing to dismiss all of the charges filed herein;

(i)  The decision of the district justice to hold this matter for court was otherwise improper and illegal.

WHEREFORE, Defendant, by and through his attorney,

4

respectfully requests this Honorable Court to grant his Motion to Quash and to dismiss the charges that have been held for action in the Court of Common Pleas of Columbia County.

Respectfully submitted,

FOLEY, COGNETTI, COMERFORD & CIMINI

BY: _____
VINCENT S. CIMINI, ESQ.
ATTORNEY FOR DEFENDANT

507 Linden Street
Suite 700
Scranton Electric Bldg.
Scranton, PA  18503
(570) 346-0745

5

COMMONWEALTH OF PENNSYLVANIA       IN THE COURT OF COMMON PLEAS
                                   FOR THE 26TH JUDICIAL
                                   DISTRICT, COLUMBIA COUNTY
vs                                 BRANCH, PENNSYLVANIA
                                   CRIMINAL DIVISION
THOMAS M. HUGHES


          Defendant               CASE NO:   248 OF 1999


WILLIAM S. KREISHER, ESQUIRE, Attorney for the Commonwealth of
Pennsylvania
VINCENT S. CIMINI, ESQUIRE, Attorney for the Defendant

                              OPINION

June 11, 1999, Keller, P.J.

          We have carefully reviewed the transcript of the

preliminary hearing before Magistrate Coombs and have concluded

that the Commonwealth has failed to make out a prima facia case

to support the charges of: (1) Disorderly Conduct [18 Pa.C.S.A.

§5503 (a) (3)]; (2) Harassment [18 Pa.C.S.A. §2709 (a) (1)]; and

(3) Criminal Mischief [18 Pa.C.S.A. §3304 (a) (2)].

          The elements of the crime of Disorderly Conduct

require that the actor "with intent to cause public

inconvenience, annoyance or alarm ... uses obscene language...".

          The mens rea element requires that the Commonwealth

prove that the actor by his actions intentionally or recklessly

created a risk of or caused public inconvenience, annoyance or

1

alarm. Commonwealth v. DeLuca, 597 A.2d 1121 (Pa. 1991). There was not a scintilla of evidence produced by the Commonwealth that the Defendant acted with the intent required by the statute, nor for that matter, with the exception of the arresting officer, that the public was inconvenienced, annoyed or alarmed.

The mere presence of people standing nearby, who may have overheard the vulgarities directed by the Defendant to the arresting officer, will not support a finding of the requisite mens rea. Commonwealth v. Weiss, 490 A.2d 853 (Pa.Super. 1985).

Finally, the expletives used by the Defendant, "Fuck you", addressed to the arresting officer do not meet the definition of "obscene language" required by the statute. Compare: U.S. v. McDermott, 971 F.Supp. 939 (E.D.Pa. 1997).

In conclusion we quote with approval:

... we emphasize that the disorderly conduct statute must not be used as a catchall or dragnet for the prosecution of conduct that is uncivil, annoying or irritating. Commonwealth v. Gilbert, 674 A.2d 284, 287 (Pa. Super. 1996).

A police officer when investigating or attempting to defuse an incident, such as occurred at the Defendant's home on January 29, 1999, must do so with a thicker skin than that exhibited by this arresting officer.

As to the two accompanying summary offenses, Harassment and Criminal Mischief, we are satisfied that the conduct complained of was provoked by the activities of the alleged victim and under the circumstances were justified.

Accordingly, it is ordered.

ORDER

AND NOW, this 11th day of June, 1999, Defendant's Petition for Writ of Habeas Corpus is granted and the Information be and hereby is quashed, the charges are dismissed and the Defendant is discharged.

BY THE COURT

_____
HONORABLE GAILEY C. KELLER, P.J.

3

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON
: PLEAS FOR THE 26TH JUDICIAL
: DISTRICT, COLUMBIA
v. : COUNTY BRANCH
:
:
: CRIMINAL DIVISION
THOMAS M. HUGHES :
: No. 248 of 1999

---

### NOTICE OF APPEAL

Notice is hereby given that the Commonwealth hereby appeals to the Superior

Court of Pennsylvania from the order entered in this matter on the 11th day of June, 1999.

This order dismissed the charges against the Defendant, thereby terminating or

substantially handicapping the prosecution. This order has been entered in the docket as

evidenced by the attached copy of the docket entry.

Respectfully submitted:

William S. Kreisher, Esquire
District Attorney
Columbia County
Attorney I.D. # 09939
Columbia County Courthouse
Main Street
Bloomsburg, PA 17815
(570) 784-5656



WSK/dpl
Enc.

```
COMMONWEALTH OF PENNSYLVANIA   :   IN THE COURT OF COMMON PLEAS
                               :   OF THE 26TH JUDICIAL DISTRICT
            v.                 :   COLUMBIA COUNTY BRANCH, PENNA.
                               :   CRIMINAL DIVISION
THOMAS HUGHES                  :
                Defendant      :   NO:    66 OF 1998
```

## PRAECIPE TO WITHDRAW APPEAL

The Commonwealth of Pennsylvania by and through the office of the District
Attorney of and for Columbia County, hereby withdraws the Appeal filed in the present
action.

_____

WILLIAM S. KREISHER, ESQUIRE
District Attorney for Columbia County



COMMONWEALTH OF PENNSYLVANIA



## Superior Court of Pennsylvania
### Middle District

David A. Szewczak
Prothonotary

Patricia A. Whittaker
Chief Clerk

November 16, 1999

Fulton Building, 200 N. Third Street, 9th Floor
Harrisburg, PA 17101
717-772-1294
www.superior.court.state.pa.us

## Notice of Discontinuance of Action

RE:   COMMONWEALTH V HUGHES, T

Appeal of:

Type of Action:  Notice of Appeal

No.: 1124 MDA 1999
Columbia & Montour Counties Court of Common Plea

Agency Docket Number:                248 OF 1999

The above-captioned matter has been marked "Discontinued" with this court. Certification is being sent to the lower court below.

| Attorney Name | Party Name | Party Type |
|---|---|---|
| Vincent Cimini, Esq. | T HUGHES | Appellee |
| William S. Kreisher, Esq. | COMMONWEALTH OF PENNSYLVANIA | Appellant |



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS M. HUGHES and RENEE HUGHES, :
his wife, 201 E. 9th St., :
Bloomsburg, PA  17815 :
        Plaintiffs :

   vs. :

LEONARD ROGUTSKY, Individually :
and as a Police Officer, :
Bloomsburg, PA; :
LEO SOKOLOWSKY, Individually :
and as a Police Officer, :
Bloomsburg, PA; :
CITY OF BLOOMSBURG, :
        Defendants :

4 : CV99-2168

DOCKET NO.

FILED
SCRANTON

DEC 1 7 1999

PER _____
DEPUTY CLERK

**************************************************************

**COMPLAINT**

**JURISDICTION**

1.   This action is brought pursuant to 42 U.S.C. § 1981,

1983, 1988 and the First, Fourth, Fifth and Fourteenth

Amendments to the United States Constitution.   Jurisdiction is

founded upon 28 U.S.C. § 1331 and 1343(1)(2)(3)(4) and the

aforementioned statutory and Constitutional provisions.

Plaintiffs further invoke the Pendant Jurisdiction of the Court

to hear and decide claims arising under State law.

2.   The amount in controversy exceeds $75,000 excluding

interest and costs.

**PARTIES**

3.   Plaintiff, Thomas M. Hughes, an African American male,

is and was at all times relevant to this Complaint, a citizen of the United States and a resident of the State of Pennsylvania, residing at 201 East 9th Street in the City of Bloomsburg.

4.    Plaintiff, Renee Hughes, is the wife of Plaintiff, Thomas M. Hughes, and was at all times relevant to this Complaint, a citizen of the United States and a resident of the State of Pennsylvania, residing at 201 East 9th Street in the City of Bloomsburg.

5.    Defendant, Leonard Rogutsky, is a white male Police Officer in the Bloomsburg Police Department. He is sued individually and in his official capacity.

6.    Defendant, Leo Sokolowsky, is a white male Sergeant in the Bloomsburg Police Department. He is sued individually and in his official capacity.

7.    The Defendant, City of Bloomsburg, is a Municipal Corporation within the County of Columbia, State of Pennsylvania, and at all times relevant hereto employed Defendants Rogutsky and Sokolowsky as police officers.

8.    At all times relevant hereto and in their actions described herein, Defendants Rogutsky and Sokolowsky were acting under color of law and under color of their authority as police officers of the City of Bloomsburg.

## FIRST CAUSE OF ACTION

Thomas M. Hughes vs. Defendants Rogutsky, Sokolowsky and
City of Bloomsburg
Civil Rights Violation Under 42 U.S.C. §§ 1981 and 1983

9.   Plaintiff incorporates herein by reference paragraphs
1 through 8 as if the same were set forth herein at length.

10.   On or about January 28, 1999, at or near midnight,
Plaintiff was inside of his home with his wife and infant child.

11.   At some point just after midnight on January 29, 1999
Plaintiff took his garbage outside and placed it in its usual
place for pick up in front of his home.  After coming back
inside his home Plaintiff immediately witnessed an individual,
Frederick Losapio, a white male, knock over and repeatedly kick
his garbage cans.

12.   Immediately after witnessing this event, Plaintiff ran
out of his door and confronted Mr. Losapio.  Plaintiff grabbed
Mr. Losapio and attempted to restrain him until the police
arrived.

13.   Next, several of Losapio's friends, all white males,
who were all previously at a nearby bar drinking, and who were
present at Plaintiff's home with Losapio, intervened and dragged
Plaintiff into the street and threw him onto his back.

14.   While on his back, Plaintiff was punched and kicked
about his body by the group of individuals while at the same
time holding onto Losapio until the police arrived.  At or about
this time Plaintiff could hear his wife, Renee Hughes, crying.
Plaintiff instructed his wife to call the police, which she did.

3

15.   Shortly thereafter, Defendant Bloomsburg Police Officer Leonard Rogutsky arrived upon the scene and observed the group of white males including Losapio, and Plaintiff in the street.

16.   The first event witnessed by Defendant Rogutsky was Losapio landing a punch to Plaintiff's head with such force that it knocked Plaintiff to the ground and caused Plaintiff to bleed from the mouth.  At no time did Plaintiff attempt to strike or assault Losapio, either prior to or subsequent to Officer Rogutsky's arrival.

17.   Following the assault by Losapio on Plaintiff which was committed in front of Defendant Rogutsky and following the attack on Plaintiff's private residence, Plaintiff approached Defendant Rogutsky and informed him that he lived in the nearby home.  Defendant Rogutsky sarcastically responded by stating to Plaintiff "Yea, right".

18.   Plaintiff responded by instructing Defendant Rogutsky to do his job and arrest the individuals who assaulted him and vandalized his property.

19.   Defendant Rogutsky responded to Plaintiff's request by handcuffing Plaintiff, slamming his head onto the hood of a nearby car with such force that it caused a dent in that car, and arresting Plaintiff.  In the process of this unlawful arrest, Defendant Rogutsky used excessive and unjustified force upon Plaintiff without cause or justification, causing pain and suffering to Plaintiff.

4

20.  At or about this time Defendant Sokolowsky arrived at the scene.  Defendant Sokolowsky assisted and participated in the unlawful arrest of Plaintiff.

21.  While at the scene Plaintiff, who was injured, requested that Defendant Sokolowsky call an ambulance on three separate occasions.  Each time Defendant Sokolowsky denied Plaintiff's request.  Eventually, a bystander, who heard Plaintiff's request for medical attention, contacted the appropriate medical personnel.

22.  Plaintiff was transported to a local hospital by ambulance while handcuffed where he was x-rayed while still handcuffed.  Plaintiff then received several stitches in his mouth to close a wound sustained in the altercation described above.

23.  Plaintiff was subsequently charged by Defendants with the following offenses:

(a)  Count I, Harassment in violation of 18 Pa. C.S.A. § 2709(a)(1);

(b)  Count II, Criminal Mischief in violation of 18 Pa. C.S.A. § 3304(a)(2);

(c)  Count III, Disorderly Conduct in violation of 18 Pa. C.S.A. § 5503(a)(1);

(d)  Count IV, Disorderly Conduct in violation of 18 Pa. C.S.A. § 5503(a)(2);

(e)  Count V, Disorderly Conduct in violation of 18 Pa. C.S.A. § 5503(a)(3); and

5

(f)   Count VI, Disorderly Conduct in violation of 18 Pa. C.S.A. § 5503(a)(4), even though no probable cause existed for said charges.

24.   Plaintiff had committed no illegal act at the time he was arrested and at no time did he use any force or resistance to prevent the unlawful acts of the Defendant.

25.   Neither Lasapio, the white male who committed the assault and battery upon Plaintiff in front of Defendant Rogutsky, nor any member of the group of white males who attacked Plaintiff, were arrested and criminally charged by any of the Defendants.

26.   On or about March 3, 1999 a preliminary hearing was held before District Justice Donna Coombe.  Following the hearing, Magistrate Coombe dismissed Count III, Count IV and Count VI, and Plaintiff was held for action in the Court of Common Pleas of Columbia County on Count I (harassment), Count II (criminal mischief) and Count V (disorderly conduct).

27.   On April 20, 1999 Plaintiff filed a Writ of Habeas Corpus with the Court of Common Pleas of Columbia County seeking dismissal of all charges.

28.   On June 11, 1999 the Honorable Gailey C. Keller, President Judge of the Court of Common Pleas of Columbia County granted Plaintiff's Petition for Writ of Habeas Corpus, quashed the criminal Information, dismissed all charges against Plaintiff and discharged Plaintiff.

29.   On June 18, 1999 the District Attorney of Columbia

County appealed Judge Keller's June 11, 1999 Order dismissing all charges to the Superior Court of Pennsylvania.

30. On or about October 19, 1999 the District Attorney's Office of Columbia County formally withdrew its Appeal to the Pennsylvania Superior Court by filing a Praecipe to Withdraw.

31. On November 16, 1999 the Pennsylvania Superior Court formally marked the District Attorney of Columbia County's Appeal "Discontinued".

32. The acts described in the aforementioned paragraphs constitute an unlawful arrest, excessive use of force, denial of necessary medical treatment and malicious prosecution, all in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1981 and 1983.

33. The actions of the Defendants Rogutsky and Sokolowsky were motivated by racial animus, and resulted from and were taken pursuant to a de facto policy and/or custom of the Defendant City of Bloomsburg, which is implemented by police officers of said city, to summarily punish minorities who refuse to obey police orders, whether lawful or not, by means of an unlawful arrest, detention, excessive use of force and denial of necessary medical attention.

34. The existence of the de facto policy and/or custom described in paragraph 32 above has been known to supervisors and policy-making officers and officials of the Bloomsburg Police Department and Defendant City of Bloomsburg for a substantial period of time.

7

35.   Despite their knowledge of the said illegal policy
and/or custom and practices, the supervisors and policy making
officials of said Police Department and City of Bloomsburg as a
matter of policy have not taken steps to terminate said
practices, have not disciplined or otherwise properly supervised
the individual officers who engaged in the said practices, have
not effectively trained police officers with regard to the
proper Constitutional and statutory limits on the exercise of
their authority, and have instead sanctioned the policy and
practices described in paragraph 33 above, through their
deliberate indifference to the effect of the said policy and
practices upon the Constitutional rights of the residents and
visitors to the City of Bloomsburg.

36.   The Defendants, having caused the violations of
Plaintiff's rights, are liable under § 1981 and 1983 and the
First, Fourth, Fifth and Fourteenth Amendments to the Plaintiff
for his injuries.

37.   As a result of the acts detailed above, Plaintiff has
suffered physical injury as well as deprivation of his liberty,
invasion of his privacy, grievous mental suffering, and pain and
suffering, all in violation of 42 U.S.C. § 1981 and 1983 and the
First, Fourth, Fifth and Fourteenth Amendments.

38.   The conduct of the Defendants was unreasonable,
reckless, careless, negligent, willful, wanton, malicious and
outrageous and was done with deliberate intention of causing
Plaintiff severe emotional distress and was made when the

8

Defendants knew or should have known that they would have such effect.

39.   The conduct of the Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against all of the Defendants:

(a)   Compensatory damages in excess of $75,000;

(b)   Punitive damages;

(c)   Reasonable attorney's fees and costs;

(d)   Such other and further relief as appears reasonable and just.

A jury trial is hereby demanded.

### SECOND CAUSE OF ACTION

Thomas M. Hughes vs. Defendants Rogutsky, Sokolowsky and
City of Bloomsburg
Assault and Battery

40.   Plaintiff incorporates herein by reference paragraphs 1 through 39 as if the same were set forth herein at length.

41.   The acts and conduct of the Defendants Rogutsky, Sokolowsky and the City of Bloomsburg constitute assault and battery.   This Court has pendant jurisdiction to hear and adjudicate this claim.

42.   As a result of the assault and battery committed by

Defendants upon Plaintiff, Plaintiff has suffered physical injury as well as substantial mental pain and suffering, severe emotional distress and injury, embarrassment and humiliation.

43. The conduct of the Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and outrageous and was done with deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such effect.

44. The conduct of the Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against all of the Defendants:

(a)   Compensatory damages in excess of $75,000;

(b)   Punitive damages;

(c)   Reasonable attorney's fees and costs;

(d)   Such other and further relief as appears reasonable and just.

A jury trial is hereby demanded.

### THIRD CAUSE OF ACTION

Thomas M. Hughes vs. Defendants Rogutsky, Sokolowsky and
City of Bloomsburg
False Imprisonment/False Arrest

45.  Plaintiff incorporates herein by reference paragraphs 1 through 44 as if the same were set forth herein at length.

46.  The acts and conduct of Defendants constitute false imprisonment and false arrest and this Court has pendant jurisdiction to hear and adjudicate said claim.

47.  Plaintiff committed no illegal act at the time he was arrested and informed Defendants of his innocence.

48.  Defendants Rogutsky and Sokolowsky refused to believe Plaintiff and continued their assault, seizure, holding, detention, arrest and prosecution of Plaintiff.

49.  Defendants acted as aforesaid without any reasonable or probable cause.

50.  Plaintiff was subjected to great humiliation, pain and suffering by reason of the assault and the false and malicious arrest, detention, seizure, holding and prosecution of Plaintiff as aforesaid, and being placed under restraint by Defendants while surrounded by Plaintiff's neighbors and family, who observed Plaintiff's condition and situation.

51.  By reason of the acts of Defendants, Plaintiff suffered severe damage to his credit and reputation in the community and was caused to suffer great pain and mental anguish.

52.  The conduct of the Defendants was unreasonable,

11

reckless, careless, negligent, willful, wanton, malicious and outrageous and was done with deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such effect.

53.   The conduct of the Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against all of the Defendants:

(a)   Compensatory damages in excess of $75,000;

(b)   Punitive damages;

(c)   Reasonable attorney's fees and costs;

(d)   Such other and further relief as appears reasonable and just.

A jury trial is hereby demanded.


### FOURTH CAUSE OF ACTION

Thomas M. Hughes vs. Defendants Rogutsky, Sokolowsky and
City of Bloomsburg
Malicious Prosecution

54.   Plaintiff incorporates herein by reference paragraphs 1 through 53 as if the same were set forth herein at length.

55.   The acts and conduct of the Defendants constituted malicious prosecution as Plaintiff was unlawfully arrested and

12

charged without probable cause.  This Court has pendant jurisdiction to hear and adjudicate this claim.

56.  All of the criminal charges filed against Plaintiff have been terminated in Plaintiff's favor.

57.  The conduct of the Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and outrageous and was done with deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such effect.

58.  The conduct of the Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against all of the Defendants:

(a)  Compensatory damages in excess of $75,000;

(b)  Punitive damages;

(c)  Reasonable attorney's fees and costs;

(d)  Such other and further relief as appears reasonable and just.

A jury trial is hereby demanded.

13

## FIFTH CAUSE OF ACTION

Thomas M. Hughes vs. Defendants Rogutsky, Sokolowsky and
City of Bloomsburg
Intentional/Negligent Infliction Of Emotional Distress

59.   Plaintiff incorporates herein by reference paragraphs 1 through 58 as if the same were set forth herein at length.

60.   The acts and conduct of the Defendants as described above constitute negligence and intentional infliction of emotional distress.   This Court has pendant jurisdiction to hear and adjudicate this claim.

61.   The conduct of the Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and outrageous and was done with deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such effect.

62.   The conduct of the Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully requests the following relief, jointly and severally, against all of the Defendants:

(a)   Compensatory damages in excess of $75,000;

(b)   Punitive damages;

(c)   Reasonable attorney's fees and costs;

(d)   Such other and further relief as appears reasonable

14

and just.

A jury trial is hereby demanded.

### SIXTH CAUSE OF ACTION

Thomas M. Hughes vs. Defendants Rogutsky, Sokolowsky and
City of Bloomsburg
Gross Negligence

63.   Plaintiff incorporates herein by reference paragraphs
1 through 62 as if the same were set forth herein at length.

64.   The acts and conduct of the Defendants described above
constitute gross negligence under the laws of the Commonwealth
of Pennsylvania.   This Court has pendant jurisdiction to hear
and adjudicate this claim.

65.   The conduct of the Defendants was unreasonable,
reckless, careless, negligent, willful, wanton, malicious and
outrageous and was done with deliberate intention of causing
Plaintiff severe emotional distress and was made when the
Defendants knew or should have known that they would have such
effect.

66.   The conduct of the Defendants has been so outrageous
in character, and so extreme in degree, as to go beyond all
possible bounds of decency, and to be regarded as atrocious, and
utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Thomas M. Hughes, respectfully
requests the following relief, jointly and severally, against
all of the Defendants:

(a)   Compensatory damages in excess of $75,000;

15

(b)   Punitive damages;

(c)   Reasonable attorney's fees and costs;

(d)   Such other and further relief as appears reasonable and just.

A jury trial is hereby demanded.

### SEVENTH CAUSE OF ACTION

Plaintiff Renee Hughes vs. Defendants Rogutsky, Sokolowsky and City of Bloomsburg
Intentional/Negligent Infliction Of Emotional Distress

67.   Plaintiff incorporates herein by reference paragraphs 1 through 66 as if the same were set forth herein at length.

68.   Plaintiff, Renee Hughes, witnessed the above acts and conduct committed by Defendants upon Plaintiff, Thomas Hughes.

69.   As a direct and proximate result of the acts and conduct of Defendants described above, together with her personal and contemporaneous observation of the incident, Plaintiff, Renee Hughes has suffered substantial mental pain and suffering and severe emotional distress and injury.

70.   The conduct of the Defendants was unreasonable, reckless, careless, negligent, willful, wanton, malicious and outrageous and was done with deliberate intention of causing Plaintiff severe emotional distress and was made when the Defendants knew or should have known that they would have such effect.

71.   The conduct of the Defendants has been so outrageous in character, and so extreme in degree, as to go beyond all

16

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

WHEREFORE, Plaintiff, Renee Hughes, respectfully requests the following relief, jointly and severally, against all of the Defendants:

(a) Compensatory damages in excess of $75,000;

(b) Punitive damages;

(c) Reasonable attorney's fees and costs;

(d) Such other and further relief as appears reasonable and just.

A jury trial is hereby demanded.

Respectfully submitted,

FOLEY, COGNETTI, COMERFORD & CIMINI

BY: _____
VINCENT S. CIMINI, ESQ.
ATTORNEY FOR PLAINTIFF

507 Linden Street
Suite 700
Scranton, PA  18503
(570) 346-0745

17

DEC-30-99 03:41 PM   DISTRICT COURT-26-2-01   570-784+9061   P.02

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF:  Columbia

**POLICE**
**CRIMINAL COMPLAINT**

| Magisterial District Number: 26-2-01 |
|---|

District Justice Name: Hon. Donna J. Coombe

Address:  15 Perry Avenue, Suite A
Bloomsburg, PA 17815

Telephone:  (717)-784-1868

**COMMONWEALTH OF PENNSYLVANIA**
**VS.**

DEFENDANT:
NAME and ADDRESS

THOMAS M. HUGHES
201 E 9TH ST
BLOOMSBURG, PA. 17815

Docket No.:  CR-0000467-99

Date Filed:  12/27/99

OTN:  H 057333-3

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B. | Defendant's Social Security Number | Defendant's SID |
|---|---|---|---|---|
| ☐ White  ☐ Asian  ☒ Black ☐ Hispanic ☐ Native American ☐ Unknown | ☐ Female ☒ Male | 11/08/1961 | 203-52 1072 | |

| Defendant's A.K.A. THOMAS M. MOORE | Defendant's Vehicle Information: | | | Defendant's Driver's License Number |
|---|---|---|---|---|
| | Plate Number | State | Registration Sticker (MM/YY) | State PA | 19886982 |

| Complaint/Incident Number 99-000051 | Complaint/Incident Numbers of other Participants | UCR/NIBRS Code |
|---|---|---|

District Attorney's Office  ☒ Approved  ☐ Disapproved because: _____

(The district attorney may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing (Pa.R.Crim.P. 107).)

*W. S. KREISHER*              *William Kreisher*              Nov 5, 1999

(Name of Attorney for Commonwealth - Please Print or Type)   (Signature of Attorney for Commonwealth)   (Date)

I,  PTLM LEONARD ROGUTSKI                                        19
(Name of Affiant Please Print or Type)                    (Officer Badge Number/I.D.)

of  Bloomsburg Police Department                0190300
(Identify Department or Agency Represented and Political Subdivision)   (Police Agency ORI Number)   (Originating Agency Case Number (OCA))

do hereby state:(check the appropriate box)

1. ☒ I accuse the above named defendant, who lives at the address set forth above
   ☐ I accuse an defendant whose name is unknown to me but who is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have
   therefore designated as John Doe
   with violating the penal laws of the Commonwealth of Pennsylvania at  900 BLOCK OF CATHERINE ST IN
                                                                        (Place-Political Subdivision)
   THE TOWN OF BLOOMSBURG, PA

   in  Columbia          County on or about  FRIDAY JANUARY 29, 1999 AT 1240PM

   Participants were: (if there were participants, place their names here, repeating the name of the above defendant)
   THOMAS M. HUGHES

2. The acts committed by the accused were:
(Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged.  A citation to the statue allegedly violated without more, is not sufficient.  In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)


      COUNT 1  PACC 2709(a)(1) Harassment - Summary

        IN THAT, on or about said date, THE DEFENDANT, with intent to harass, annoy or
      alarm another person, namely, FREDERICK LOSARIO, did strike, shove, kick or
      otherwise subject such other person to physical contact, or did attempt or threaten
      to do the same, namely, GRABBED LOSARIO BY CLOTHING TEARING THE CLOTHING AND
      THREATENING TO STRIKE LOSARIO, in violation of Section 2709(a)(1) of the PA Crimes
      Code.

AOPC 412- (1/96) (Internet Version)                          1-3

DEC-30-99 03:42 PM  DISTRICT COURT-26-2-01  570+784+9061  P.03

(Continuation of 2.)

| Defendant Name: THOMAS M. HUGHES |
| Docket Number: CR-0000467-99 |

**POLICE**
**CRIMINAL COMPLAINT**
SUMMARY

COUNT 2  PACC 3304(a)(2) Criminal Mischief

IN THAT, on or about said date, THE DEFENDANT did intentionally and/or recklessly tamper with tangible property, SHIRT AND "T" SHIRT, of another, namely, FREDERICK LOSARIO, so as to endanger person or property, in violation of Section 3304(a)(2) of the PA Crimes Code.

COUNT 3  PACC 5503(a) Disorderly Conduct  M3

IN THAT, on or about said date, THE DEFENDANT, with intent to cause substantial public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, in violation of Section 5503(a) of the PA Crimes Code.
(1) Engaged in fighting or threatening, or in violent or tumultuous behavior

COUNT 4
(2) Made unreasonable noise

COUNT 5
(3) Uses obscene language, or makes an obscene gesture; or

COUNT 6
(4) Created a hazardous or physically offensive condition by any act which served no legitimate purpose by the actor

COUNT 7  PACC 5101  Obstructing the Administration of Law or Other Governmental Function.  (M2)
IN THAT, on or about said date, THE DEFENDANT, with intent to obstruct, impair, or pervert the administration of law or other governmental function by force, all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of

| | (Section) | (Sub-Section) | | (PA Statute) | (counts) |
|---|---|---|---|---|---|
| 1. | 2709 | (a)(1) | of the | PA Crimes Code | 1 |
| 2. | 3304 | (a)(2) | of the | PA Crimes Code | 1 |
| 3. | 5503 | (a)(1) | of the | PA Crimes Code | 1 |
| 4. | 5503 | (a)(2) | of the | PA Crimes Code | 1 |
| 5. | 5503 | (a)(3) | | PA Crimes Code | 1 |
| 6. | 5503 | (a)(4) | | PA Crimes Code | 1 |
| 7. | 5101 | | | PA Crimes Code | 1 |

3. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made. (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed and sworn to before the issuing authority.

4. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) relating to unsworn falsification to authorities.

_____, 19 ___     _____
(Signature of Affiant)

AND NOW, on this date   December 28   , 19 99 , I certify the complaint has been properly completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

26-2-01
(Magisterial District)

_____  SEAL
(Issuing Authority)

2-3

AOPC 412-(4/96)(Internet Version)

Case 4:01-cv-00145-MM    Document 1    Filed 01/24/01    Page 56 of 76

(Continuation of 2.)

| Defendant Name: THOMAS M. HUGHES |
| Docket Number:    CR-0000467-99 |



**POLICE
CRIMINAL COMPLAINT**

violence, physical interference or obstacle, breach of official duty, or any other unlawful act. TO WIT: PERSISTED IN A COURSE OF CONDUCT THAT INTERFERED WITH POLICE ABILITY TO CONTROL A DISTURBANCE ON A PUBLIC STREET.



DEC-30-99 03:43 PM    DISTRICT COURT-26-2-01    570+784+9061    P.05

Defendant Name: THOMAS M. HUGHES

Docket Number: CR-20  0467-99

**POLICE
CRIMINAL COMPLAINT**

## AFFIDAVIT of PROBABLE CAUSE

FRIDAY JANUARY 29, 1999 AT APPROX 0033 HRS. BLOOMSBURG POLICE WERE ADVISED OF A DISTURBANCE ON CATHERINE STREET BETWEEN 9TH AND 10TH ST BY THE COUNTY 911 CENTER. POLICE ARRIVED AT THE SCENE AND OBSERVED A GROUP OF MALES ON THE EAST SIDE OF CATHERINE ST.  POLICE OBSERVED ONE OF THE MALES TO SWING AT AND HIT ANOTHER MALE.

THIS OFFICER WHILE IN A MARKED POLICE VEHICLE AND IN UNIFORM APPROACHED THE SCENE ACTIVATING THE POLICE VEHICLES EMERGENCY LIGHTS AND EXITED THE PATROL CAR.   5 OF THE MALES BEGAN TO APPROACH THE PATROL CAR AND WERE INSTRUCTED TO SIT ON THE SIDEWALK ON THE WEST SIDE OF THE STREET. THIS GROUP COMPLIED.  THE DEF., WHO HAD BEEN KNOCKED TO HIS KNEES GOT TO HIS FEET AND BEGAN YELLING ALOUD AT THE OTHER MALES USING MUCH PROFANITY.  THE DEF WAS INSTRUCTED TO SIT ON THE SIDEWALK ON THE EAST SIDE OF THE STREET SO POLICE COULD DETERMINE WHAT HAD HAPPENED.  THE DEF. CONTINUED TO TAUNT THE OTHERS ACROSS THE STREET INTERFERING WITH POLICE ATTEMPTS TO RESTORE ORDER. THE DEF WAS AGAIN ASKED BY THIS OFFICER TO REMAIN SILENT AND SIT DOWN ON THE SIDEWALK. THE DEF. LOOKED DIRECTLY AT THIS OFFICER AND REMARKED "DO YOUR FUCKING JOB". THE DEF. THEN CONTINUED TO SHOUT LOUDLY ACROSS THE STREET AT THE OTHER MALES STATING HE WAS SICK AND TIRED OF THIS AND THAT THEY WEREN'T GETTING AWAY WITH THIS. THIS OFFICER AGAIN ASKED THE DEF. TO BE SEATED ON THE EAST SIDE OF THE SIDEWALK AND REMAIN SILENT SO THIS SITUATION COULD BE DEALT WITH. THE DEF. AGAIN LOOKED DIRECTLY AT THIS OFFICER AND SAID "FUCK YOU", AND RETURNED TO SHOUTING LOUDLY AND POINTING IN A THREATENING MANNER AT THE MALES ON THE OTHER SIDE OF THE STREET. THE DEF. ACTIONS, SPEECH AND BEHAVIOR CONTINUED TO IMPAIR POLICE ATTEMPTS TO RESTORE ORDER. THIS WRITER AGAIN INSTRUCTED THE DEF. TO REMAIN SILENT AND TO BE SEATED ON THE SIDEWALK WERE THE DEF. AGAIN LOOKED AT THIS OFFICER AND SAID "FUCK YOU", "FUCK YOU". THIS OFFICER WITH INTENT TO CONTROL THE SITUATION ASKED THE DEF. TO PLACE HIS HAND ON THE HOOD OF A FORD TEMPO PARKED ON THE STREET WHERE THE DEF. WAS PLACED IN HAND CUFFS.  DEF. CONTINUED TO BE LOUD AND USE PROFANITY TOWARDS THIS OFFICER AND THE OTHER GROUP OF MALES ACROSS THE STREET CAUSING SEVERAL NEIGHBORS AND OTHER SPECTATORS TO APPROACH THE SCENE AND ATTEMPT TO BECOME INVOLVED. POLICE WHERE DISTRACTED FROM THEIR EFFORTS TO INVESTIGATE THIS SITUATION IN ORDER TO DEAL WITH THIS INCREASINGLY VOLATILE SITUATION.  THE DEF HAD TO BE CONTROLLED BY PLACING HIM ON THE HOOD OF THE FORD TEMPO. SGT LEO SOKOLOSKI ARRIVED AND TOOK CONTROL OF THE DEF.  THE DEF. CONTINUED TO BE VERY LOUD AND USE MUCH PROFANITY. SGT SOKOLOSKI EXPRESSED HIS OFFENSE TO THE DEF. ABOUT HIS LANGUAGE.

I,   PTLM. LEONARD ROGUTSKI                              , BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

(Signature of Affiant)

Sworn to me and subscribed before me this  28th   day of  December           , 1999 .

12/28/99   Date                                            , District Justice

My commission expires first Monday of January,   00  .        **SEAL**

AOPC 412  (4/95) (Internet Version)                3-3

Case 4:01-cv-00145-MM   Document 1   Filed 01/24/01   Page 58 of 76

| Defendant Name: THOMAS M. HUGHES |  **POLICE** |
|---|---|

Docket Number:   CR-0000467-99                    **CRIMINAL COMPLAINT**

## AFFIDAVIT of PROBABLE CAUSE

POLICE THEN INTERVIEWED THE OTHER MALES INDEPENDENTLY. EACH GAVE A CONSISTENT ACCOUNT OF THE EVENT.   DEF. APPROACHED THE GROUP ACCUSING THEM OF TOSSING/UPSETTING HIS GARBAGE CANS.   DEF. GRABBED ONE FREDERIC LOSAPIO BY HIS CLOTHING. DEF. YELLED AT LOSAPIO WITH A RAISED FIST THREATENING LOSAPIO WITH BODILY HARM. LOSAPIO IN FEAR OF HIS SAFETY AND BECAUSE OF THE DEF. STATURE ATTEMPTED TO HAVE DEF. RELEASE HIS HOLD ON LOSAPIO. LOSAPIO AND COMPANIONS ATTEMPTED UNSUCCESSFULLY TO ADVISE DEF. THEY WERE NOT RESPONSIBLE FOR TOSSING/UPSETTING DEF. GARBAGE CANS AND SUGGESTED POLICE BE CALLED. DEF WOULD NOT RELEASE LOSAPIO AND DEF. TORE LOSAPIOS SHIRT AND T SHIRT. LOSAPIO PUNCHED DEF. TO DEFEND HIMSELF AGAINST  FURTHER ADVANCE BY THE DEF.



COMMONWEALTH OF PENNSYLVANIA,  : IN THE COURT OF COMMON PLEAS
                     Plaintiff  : OF COLUMBIA COUNTY
                                :
                                : CRIMINAL DIVISION
                                :
          vs.                   : JURY TRIAL DEMANDED
                                :
THOMAS M. HUGHES,               :
201 E. Ninth Street,            :
Bloomsburg, PA    17815         :
          Defendant             : No. 99 CR. 248

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT THOMAS M. HUGHES' MOTION TO QUASH AND/OR DISMISS CRIMINAL COMPLAINT

NOW comes the Defendant, Thomas M. Hughes, by and through his attorneys, HAROLD M. KANE and VINCENT S. CIMINI, and hereby respectfully moves this Honorable Court to quash and/or dismiss the Commonwealth's criminal Complaint and in support thereof avers the following:

1.   Defendant, Thomas M. Hughes, on or about January 28, 1999, at or near midnight, was inside of his home at 201 East Ninth Street, Bloomsburg, Pennsylvania with his wife and infant child.

2.   At some point just after midnight on January 29, 1999 Defendant Hughes took his garbage outside and placed it in its usual place for pickup in front of his home.  After coming back inside his home Defendant Hughes immediately witnessed an individual, Frederick Losapio, knock over and repeatedly kick his garbage cans.

3.   Immediately after witnessing this event, Defendant

Hughes ran out of his door and confronted Mr. Losapio. Defendant Hughes grabbed Mr. Losapio and attempted to restrain him until the police arrived at the scene.

4.   Next, several of Losapio's friends, who were all with Losapio at a nearby bar drinking, and who were present at Defendant Hughes' home with Losapio, intervened and dragged Defendant Hughes into the street and threw him onto his back.

5.   While on his back, Defendant Hughes was punched and kicked about his body by the group of individuals.  During this attack Defendant Hughes maintained his grasp onto Losapio until the police arrived.

6.   At or about this time Defendant Hughes heard his wife, Renee Hughes, crying and instructed her to call the police, which she did.

7.   Shortly thereafter, Bloomsburg Police Office Leonard Rogutsky arrived upon the scene and observed a group of males including Losapio and Defendant Hughes in the street.

8.   The first event witnessed by Officer Rogutsky was Losapio landing a punch to Defendant Hughes' head with such force that it knocked Defendant Hughes to the ground and caused him to bleed from the mouth.  At no time did Defendant Hughes attempt to strike or assault Losapio, either prior to or subsequent to Officer Rogutsky's arrival.

9.   Following the assault by Losapio on Defendant Hughes, which was committed in plain view of Officer Rogutsky, Defendant Hughes approached Officer Rogutsky and informed him that he

2

lived in the nearby home.  Officer Rogutsky sarcastically responded by stating to Defendant Hughes "Yea, right".

10.  Defendant Hughes responded by instructing Defendant Rogutsky to do his job and arrest the individuals who assaulted him and vandalized his property.

11.  Officer Rogutsky responded to Defendant Hughes' request by handcuffing Defendant Hughes, and slamming his head onto the hood of a nearby car with such force that it caused a dent in that car, and arresting Defendant Hughes.

12.  At or about this time Bloomsburg Police Officer Sokolowsky arrived at the scene.  Officer Sokolowsky assisted and participated in the unlawful arrest of Defendant.

13.  While at the scene, Defendant Hughes, who was injured, requested that Officer Sokolowsky call an ambulance on three separate occasions.  Each time, Officer Sokolowsky denied Defendant Hughes' request.  Eventually, a bystander, who heard Defendant Hughes' request for medical attention, contacted the appropriate medical personnel.

14.  Defendant Hughes was then transported to a local hospital by ambulance while handcuffed where he was x-rayed while still handcuffed.  Defendant Hughes received several stitches in his mouth to close a wound sustained in the assault by Losapio.

15.  Defendant Hughes was subsequently charged by the Bloomsburg Police with the following offenses:

(a)  Count I, harassment in violation of 18 Pa. C.S.A § 2709(a)(1);

3

(b)  Count II, criminal mischief in violation of 18 Pa. C.S.A. § 3304(a)(2);

(c)  Count III, disorderly conduct in violation of 18 Pa. C.S.A. § 5503(a)(1);

(d)  Count IV, disorderly conduct in violation of 18 Pa. C.S.A. § 5503(a)(2);

(e)  Count V, disorderly conduct in violation of 18 Pa. C.S.A. § 5503(a)(3); and

(f)  Count VI, disorderly conduct in violation of 18 Pa. C.S.A. § 5503(a)(4).  (A true and correct copy is attached hereto, made part hereof, and marked as Exhibit "A").

16.  Defendant Hughes committed no illegal act at the time he was arrested, and at no time did he use any force or resistance to prevent the unlawful arrest.

17.  Neither Frederick Losapio, who committed the assault and battery upon Defendant in plain view of Officer Rogutsky, nor any member of the group of males who attacked Defendant Hughes, were arrested and/or criminally charged.

18.  On or about March 3, 1999 a Preliminary Hearing was held before District Justice Donna Coombe.  Following the hearing, Magistrate Coombe dismissed Count III, Count IV and Count V, and Defendant was held for action in the Court of Common Pleas of Columbia County on Count I (harassment), Count II (criminal mischief) and Count V (disorderly conduct for use of obscene language).

19.  On April 20, 1999 Defendant filed a Writ of Habeas Corpus with the Court of Common Pleas of Columbia County seeking dismissal of all charges.  (A true and correct copy is attached hereto, made part hereof, and marked as Exhibit "B").

4

20. On June 11, 1999 the Honorable Gailey C. Keller, President Judge of the Court of Common Pleas of Columbia County granted Defendant Hughes' Petition For Writ Of Habeas Corpus, quashed the criminal Information, dismissed all charges against Defendant Hughes and discharged Defendant Hughes. (A true and correct copy is attached hereto, made part hereof, and marked as Exhibit "C").

21. On June 18, 1999 William Kreisher, the District Attorney of Columbia County, appealed Judge Keller's June 11, 1999 Order to the Superior Court of Pennsylvania. (A true and correct copy is attached hereto, made part hereof, and marked as Exhibit "D").

22. As this matter was pending before the Court of Common Pleas of Columbia County and before the Pennsylvania Superior Court on Appeal, District Attorney William Kreisher was running for re-election for the office of District Attorney of Columbia County.

23. Realizing that the general public was outraged by the actions of the Bloomsburg Police and the District Attorney's Office for the unlawful arrest and prosecution of Defendant Hughes, William Kreisher, on October 19, 1999, in an effort to regain the public's support, formally withdrew the Commonwealth's Appeal to the Pennsylvania Superior Court by filing a Praecipe To Withdraw Appeal. (A true and correct copy is attached hereto, made part hereof, and marked as Exhibit "E").

24.  On November 2, 1999 William Kreisher lost his bid for re-election to the office of District Attorney for the County of Columbia.

25.  On November 5, 1999, just three days following his defeat, lame duck Columbia County District Attorney William Kreisher retaliated against Defendant Hughes and approved the refiling of the same charges plus an additional charge for obstruction against Defendant Hughes.  These charges were approved by William Kreisher even though Kreisher had withdrawn his Appeal to the Superior Court only two weeks prior, on October 19, 1999.  (A true and correct copy is attached hereto, made part hereof, and marked as Exhibit "F").

26.  On November 16, 1999 the Pennsylvania Superior Court formally marked the District Attorney of Columbia County's Appeal "Discontinued".  (A true and correct copy is attached hereto, made part hereof, and marked as Exhibit "G").

27.  On December 17, 1999, following the successful disposition of the original charges, Defendant Hughes filed a Complaint in the United States District Court for the Middle District of Pennsylvania against Officer Leonard Rogutsky, Officer Leo Sokolowsky and the City of Bloomsburg, alleging violations of Defendant Hughes' Civil Rights, assault and battery, false imprisonment, false arrest, malicious prosecution, intentional/negligent infliction of emotional distress, and gross negligence.  (A true and correct copy is attached hereto, made part hereof, and marked as Exhibit "H").

6

28.   On December 28, 1999, just ███ ███ ███████, Officer filing of Defendant Hughes Civil Rights Complaint, Rogutsky swore out an Affidavit of Probable Cause before District Justice Coombe and re-arrested Defendant Hughes on the same charges that had been previously dismissed. (A true and correct copy is attached hereto, made part hereof, and marked as Exhibit "I").

29.   The approval and subsequent re-filing of these charges is a violation of Defendant Hughes' constitutional rights as the same amounts to double jeopardy, vindictive prosecution, racial discrimination and malicious abuse of the legal process.

30.   The action of the Columbia County District Attorney's Office and the Bloomsburg Police Department in approving and re-filing the charges against Defendant Hughes were motivated solely by malice and ill will, and were undertaken as a means of retaliating against Defendant Hughes for the filing of the Civil Rights Complaint and for the negative press William Kreisher received following his prosecution of Defendant Hughes which negatively affected his bid for re-election to the Office of District Attorney.

WHEREFORE, Defendant, Thomas M. Hughes, respectfully requests that the criminal Complaint against Thomas M. Hughes sworn out on December 28, 1999 be dismissed in its entirety.

7

Respectfully submitted,


HAROLD M. KANE, ESQ.


FOLEY, COGNETTI, COMERFORD
& CIMINI


BY:
VINCENT S. CIMINI, ESQ.
ATTORNEYS FOR DEFENDANT


507 Linden Street
Suite 700
Scranton Electric Bldg.
Scranton, PA  18503
(570) 346-0745


8

Eugene F. Hickey II, Esq.
Atty. I.D. 59331
MARGOLIS EDELSTEIN
Oppenheim Building, Suite 3C
509 Lackawanna Ave.
Scranton, PA 18503
Telephone 570-342-4231

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

AUG 23 2000

PER _____
DEPUTY CLERK

THOMAS M. HUGHES and : 
RENEE HUGHES, his wife, :
:
Plaintiffs : CASE NO. 4:CV99-2168
:
LEONARD ROGUTSKI, LEO :
SOKOLOWSKI and CITY OF : JUDGE MUIR
BLOOMSBURG, :
: COMPLAINT FILED 12/17/99
Defendants :

## S T I P U L A T I O N

AND NOW comes the parties, by and through their counsel,

Vincent S. Cimini, Esq. on behalf of the Plaintiffs, and Eugene F. Hickey II,

Esq., on behalf of all Defendants, and they hereby enter into the following

Stipulation:

1. The above-referenced action is voluntarily dismissed by the Plaintiffs without prejudice pending resolution of any and all criminal charges filed on December 28, 1999.  The Plaintiffs will have the right to re-file the action in the event of successfully defending against those criminal charges.

2. The Defendants, Thomas Rogutski, Leo Sokolowski and the Town of Bloomsburg, hereby waive their affirmative defense of the statute of limitations with respect to Plaintiffs' State law claims which have been raised in Plaintiffs' Complaint.

3. In the event the Plaintiff, Thomas M. Hughes,  successfully defends and is acquitted of all criminal charges, the Plaintiff, Thomas M. Hughes,  hereby agrees to file only the same claims currently filed and he will not add any additional claims, counts or causes of actions against the Defendants, Rogutski, Sokolowski and Town of Bloomsburg.

4. Plaintiffs acknowledge that the City of Bloomsburg was incorrectly identified in Plaintiffs' Complaint and that it is actually the Town of Bloomsburg who is the proper party Defendant.

5.  Plaintiffs hereby agree and stipulate that in the event

Thomas M. Hughes is found guilty, pleads guilty, pleads nolo contendere,

is admitted to Accelerated Rehabilitative Disposition or in any other way,

plea bargains to any charges that are currently filed against him, any

reduced charges or any additional charges that arise as a result of the

incidents that took place on or about January 28, 1999 and/or January 29,

1999, then the Plaintiffs shall immediately mark the above-referenced

action discontinued with prejudice against the Town of Bloomsburg and

the individual Defendants.  In the event that the Plaintiff, Thomas M.

Hughes, is found guilty, pleads guilty, pleads nolo contendere, is admitted

to Accelerated Rehabilitative Disposition or in any other way, plea

bargains to any charges that are currently filed against him, any reduced

charges or any additional charges that arise as a result of the incidents

that took place on or about January 28, 1999 and/or January 29, 1999, then

the Plaintiffs further agrees not to bring new actions against the Town of

Bloomsburg or any of the individual Defendants concerning the incidents

which took place on the night of his arrest, i.e., January 28 and January 29th, 1999.

6. The Plaintiffs agree and stipulate that if, in fact, all criminal charges against him are dismissed, then they will only bring identical claims to those already filed in the Complaint in Federal Court to Docket No. 4:CV99-2168. The Plaintiffs will not bring any additional claims against the Town of Bloomsburg or the individual Defendants.

7. The parties understand and agree that in the event that Plaintiff, Thomas M. Hughes, is successful in defending against the criminal charges, that he may join the former District Attorney Kreisher and Columbia County as potential additional Defendants. The Plaintiffs hereby agree and stipulate that they will indemnify and hold the Town of Bloomsburg and the individual Defendants, Leonard Rogutski and Leo Sokolowski, harmless from all claims, cross claims, counterclaims filed by the Columbia County and/or former District Attorney William Kreisher.

8.  The parties agree to notify the Court of the Stipulation and have the Court mark the matter discontinued without prejudice.

9.  Counsel for the respective parties hereby acknowledge and affirm that they have their clients authority to enter into this Stipulation and their clients have likewise executed the Stipulation acknowledging that they have both reviewed the Stipulation and discussed it with their counsel and understand its ramifications.

INTENDING TO BE LEGALLY BOUND, the parties and their counsel have hereunto set their hands this 21ˢᵗ day of *August*, 2000.

THOMAS M. HUGHES

RENEE HUGHES

LEONARD ROGUTSKI

LEO SOKOLOWSKI

TOWN OF BLOOMSBURG

By: _____ Mary Ferzini Howe - Mayor

_____
VINCENT S. CIMINI
Attorney for Plaintiffs

_____
EUGENE F. HICKEY II
Attorneys for Defendants

LAW OFFICES

# FOLEY, COGNETTI, COMERFORD & CIMINI

700 SCRANTON ELECTRIC BUILDING

507 LINDEN STREET

SCRANTON, PENNSYLVANIA 18503-1666

(570) 346-0745

FAX (570) 346-0776

TIMOTHY E. FOLEY
SAL COGNETTI, JR.
THOMAS P. COMERFORD
VINCENT S. CIMINI
MARY C. WELBY
DANIEL E. CUMMINS

JOHN W. BOUR
(1956-1993)

JOSEPH E. GALLAGHER
(1956-1991)

July 25, 2000

Eugene F. Hickey, Jr., Esq.
Margolis Edelstein
The Oppenheim Bldg.
409 Lackawanna Avenue
Suite 3C
Scranton, PA 18503

HAND DELIVERED

      Re:  Thomas and Renee Hughes vs. Rogutsky, Sokolowsky &
      City of Bloomsburg
      Our File #:  13998

Dear Mr. Hickey:

    Enclosed herein please find the Stipulation fully executed
by my clients, Thomas Hughes and Renee Hughes, relative to the
above captioned matter.  It is my understanding based upon our
July 21, 2000 telephone conversation that this Stipulation will
become final upon the signatures of your clients as well as upon
your signature on this correspondence.

    As we discussed on July 21, 2000, I have inserted the word
"or" to paragraph 3 of the Stipulation so that paragraph 3 now
reads as follows:

      "3.  In the event that Plaintiff, Thomas M. Hughes,
    successfully defends and/or is acquitted of all claims and
    charges, the Plaintiff, Thomas M. Hughes, hereby agrees to
    file only the same claims currently filed and he will not
    add any additional claims, counterclaims or causes of action
    against the Defendants, Rogutsky, Sokolowsky and Town of
    Bloomsburg."

    It is also my understanding based upon our July 21, 2000
telephone conference that paragraph 7 of the Stipulation
essentially means that in the event the Hugheses bring any claims
against Columbia County and William Kreisher that are different



Eugene F. Hickey, Jr., Esq.

than those claims asserted against your clients, and Columbia County and William Kreisher then assert any claims, crossclaims or counterclaims against your clients for those different claims, and it is eventually determined that your clients are liable to the Hugheses for those different claims, then the Hugheses agree to hold your clients harmless from any of those claims. As we also discussed, if the Hugheses assert the same exact claims against Columbia County and William Kreisher as those against your clients (Civil Rights Violation under 42 U.S.C. Sections 1981 and 1983, Assault and Battery, False Imprisonment/ False Arrest, Malicious Prosecution, Intentional/Negligent Infliction of Emotional Distress, Gross Negligence, Intentional/ Negligent Infliction of Emotional Distress for Renee Hughes) and no new claims, then paragraph 7 will be of no force and effect and will be considered moot.

I believe that the above accurately reflects our July 21, 2000 discussion concerning this matter, and pursuant to said discussion I am requesting that you execute the bottom of this correspondence on behalf of your clients confirming our understanding relative to paragraphs 3 and 7 of the Stipulation. Of course, this correspondence will become incorporated in and attached as an exhibit to the Stipulation.

Kindly return both the Stipulation and this correspondence after they are properly executed. Thank you for your prompt attention to this matter.

Very truly yours,

VINCENT S. CIMINI

VSC/ds
Enc.
cc: Mr. & Mrs. Thomas Hughes

EUGENE F. HICKEY, JR.

# IN THE COURT OF COMMON PLEAS
## OF THE 26TH JUDICIAL DISTRICT
### OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA        :COLUMBIA COUNTY BRANCH
<br>PLAINTIFF

V.

THOMAS M. HUGHES        :CRIMINAL DIVISION
<br>           DEFENDANT

       :NO:  248-CR-1999

HEATHER ALBRIGHT, ESQUIRE, ATTORNEY FOR COMMONWEALTH OF
<br>PENNSYLVANIA
<br>VINCENT S. CIMINI, ESQUIRE, ATTORNEY FOR DEFENDANT

## ORDER OF COURT

       **AND NOW**, this 16TH day of August 2000, after argument taken on defendant's

Motion to Quash or Dismiss Criminal Complaint, the matter is ready for disposition.

       The Commonwealth argues that the refiling of charges against the defendant is

appropriate because of new evidence.  The obstacle to this argument is the absolute birth of new

evidence presented.  All evidence presented flows from the original documents available at the

time of the final prosecution.



Indeed Judge Keller indicated at the first prosecution, that he found not even a scintilla of evidence against the defendant.  With nothing new discovered, this court upon review, agrees completely with the Honorable Judge Keller.

This Court is dismayed at the use of the court system for such a non-issue as appears in this case.  This motion to dismiss is granted.


BY THE COURT,


HONORABLE SCOTT W. NAUS            P.J.